**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

MAHA LAXMI, LLC,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civ. No. 6:26-cv-01853-AA

**OPINION & ORDER**

AIKEN, District Judge:

Before the Court is Plaintiff Maha Laxmi, LLC's, Motion, ECF No. 4, to equitably toll the 30-day deadline to file a complaint seeking judicial review of a final administrative decision under the Supplemental Nutrition Assistance Program ("SNAP"). For the reasons explained below, the Motion, ECF No. 4, is GRANTED.

## BACKGROUND

Plaintiff seeks review of a final United States Department of Agriculture decision that permanently disqualifies Plaintiff, a retail store, from participating in SNAP. Compl., ECF No. 1. On August 5, 2026, Plaintiff received by email a Final Administrative Decision ("FAD"), dated August 4, 2026, that it was disqualified from SNAP participation. Ghiorso Decl. ¶ 2, ECF No. 4-1; Ex. D, (Final Agency Decision), ECF No. 4 at 31. Under 7 U.S.C. § 2023, a retail store aggrieved by an agency decision may seek judicial review of that decision by filing a complaint in the district court

within 30 days after the date of the FAD delivery. 7 U.S.C. § 2023 (a)(13). Here, the thirty-day deadline was September 4, 2026.

On September 4, 2026, at about 1 pm, Plaintiff's counsel tried to file a case with the Federal District Court, District of Oregon, via the Court's electronic filing system ("CM/ECF" or "filing system"). Ghiorso Decl. ¶¶ 3, 4, ECF No. 4-1. Working in the CM/ECF, Counsel created the case caption and was assigned a case number. *Id.* ¶ 4. "When the system reached the screen for attaching documents," Counsel attached the Complaint and other documents, but "CM/ECF displayed an error message saying the PDF files had to be flattened." *Id.* ¶¶ 5–6. "[Counsel] flattened the PDF files and attached them again." *Id.* ¶ 6. "After that, the system took the attached files without any further error and moved us forward to the screens for paying the filing fee." *Id.* "[Counsel] filled out the remaining screens and submitted the payment." *Id.* ¶ 7. Counsel affirms that he "would not have paid the filing fee if the Complaint had not been attached as the whole purpose of the transaction was to file the Complaint and meet that deadline." *Id.* "At 1:44 p.m. Pacific time on September 4th, 2026, the $405 fee was charged, and my email account, bill@ghiorsolaw.com, received an automated email from do_not_reply@psc.uscourts.gov titled "Pay.gov Payment Confirmation: OREGON DISTRICT COURT," with Tracking ID AORDC-10401901." *Id.*; Ex. A, (Payment Receipt), ECF No. 4 at 21. Counsel affirms that, after the payment went through, "CM/ECF did not take us to any other screen in the filing process[,]" but instead redirected Counsel to the case page on the civil docket. *Id.* ¶ 8. Counsel "printed [the

civil docket] page at the time as proof of filing the Complaint[.]" *Id.*; Ex. B, (printed CM/ECF page), ECF No. 4 at 22. Counsel affirms that "[t]here was no error message on the screen or any indication that anything had gone wrong with the filing." *Id.* Counsel also affirms that "[w]hen the docket appeared showing a case number and a September 4th, 2026 filing date, together with the payment receipt, I believed the Complaint and the other documents we had attached had been filed." *Id.* ¶ 9.

On September 14, 2026, a clerk from the district court contacted Counsel to tell him that the Complaint and attached documents had not been filed because the pdfs were not flattened. *Id.* ¶¶ 11–12; Ex. C, (Email with court clerk), ECF No. 4 at 23–30. "On my and the [clerk's] instruction, my office refiled the Complaint, civil cover sheet, corporate disclosure statement, and summons in this case on the afternoon of September 14, 2026, before 2:54 p.m." *Id.* ¶ 15. "They appear on the docket currently and seem to have attached without issue, unlike the first filing." *Id.* Counsel affirms that "[t]he documents we refiled are the same documents my office attached on September 4th, 2026." *Id.*

## LEGAL STANDARD

Under 7 U.S.C. § 2023, "[w]henever an application of a retail food store . . . is disqualified [from participating in the supplemental nutrition assistance program] . . . under the provisions of section 2021 of this title . . . notice of such administrative action shall be issued to the retail food store[.]" 7 U.S.C. § 2023(a)(1). "Subject to the right of judicial review . . . , a determination made by an administrative law judge . . . shall be final and shall take effect thirty days after the date of . . . final notice of

such determination." 7 U.S.C. § 2023 (a)(12). "If the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination." 7 U.S.C. § 2023 (a)(13).

**DISCUSSION**

Plaintiff's counsel acknowledges that, due to clerical or filing system error, he filed a Complaint for judicial review of an adverse administrative decision on September 14, 2026—10 days after the 30-day filing deadline.

The 30-day deadline in Section 2023(a)(13) does not automatically bar a plaintiff's suit. The general rule is that a statutory time bar is presumed to be non-jurisdictional and that equitable tolling is available in suits against the Government. *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015). Filing deadlines are presumed to be "'quintessential claim-processing rules' which 'seek to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a case." *Id.* (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Id.* at 410. To depart from the general rule, Congress must affirmatively communicate that intent. *Id.* at 409–10; *see also Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 188 (2019) (Congress precludes equitable tolling where it expresses "a clear intent" to do so);

*Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("[A]bsent such a clear statement . . . courts should treat the restriction as nonjurisdictional in character." (internal citation and quotation marks omitted)).

Section 2023(a)(13) contains no language or other indication that it precludes tolling. *See Holland v. Florida*, 560 U.S. 631, 647 (2010) (lack of "unusually emphatic" language suggests equitable tolling is available). Further, the 30-day period for seeking judicial review is "not particularly long" and is not part of a detailed scheme providing different deadlines for bringing different kinds of claims, which are among other factors the Supreme Court has considered in determining whether a statutory deadline may be equitably tolled. *Id.* at 646–47. Courts in this Circuit have determined that 7 U.S.C. § 2023(a)(13) is not jurisdictional and is subject to equitable tolling. *See, e.g.*, *Joseph v. United States*, 505 F. Supp. 3d 977, 981 (N.D. Cal. 2020) ("Nothing in Section 2023(a) precludes tolling."); *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 690 (S.D. Cal. 2016); *Elat Supermarket v. United States*, No. CV 23-1157 PA (AGRX), 2023 WL 6786863, at *2 (C.D. Cal. Sept. 11, 2023).

The final question is whether Plaintiff's late filing should be excused. A party seeking equitable tolling must show (1) that he has pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). The Ninth Circuit has described the "threshold necessary to trigger equitable tolling" as "very high." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). But the Supreme Court has concluded that only

"reasonable diligence" is required, not "maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). "It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Id.* As to the extraordinary circumstance, "a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (internal citations and quotations omitted). Courts "do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (internal quotations omitted).

The Court is satisfied that Plaintiff exercised reasonable diligence in pursuing its rights and that extraordinary circumstances stood in Plaintiff's way. Plaintiff's counsel began the filing process in the Court's filing system on September 4, 2026, at about 1 pm. Ghiorso Decl. ¶ 3. Counsel created the caption and was assigned a case number. *Id.* ¶ 4. Counsel attempted to attach the Complaint and other documents but received an error message that the documents needed to be flattened before they could be filed. *Id.* ¶¶ 5–6. Due to the error, the system prevented Counsel from proceeding. *Id.* ¶ 6. Counsel made more than one attempt to flatten the documents and load them. *Id.* Finally, the system accepted the documents with no further error message and directed Counsel to the filing fee payment screen. *Id.* Counsel paid the

filing fee, received a payment receipt, and was directed to the Court's docket page for Plaintiff's case, from which Counsel discerned no problem. *Id.* ¶¶ 7–8. Counsel affirms that even though he did not receive a Notice of Electronic Filing, he received no error message or other indication from the filing system that the documents had not been filed or that the filing was incomplete. *Id.* ¶¶ 8–10. On September 14, 2026, the Court's clerk notified Counsel that the case had been opened but that the Complaint and other documents had not been filed. *Id.* ¶¶ 11–13. Counsel immediately re-filed the Complaint and other documents with the clerk's assistance. *Id.*

The Court concludes that Counsel did everything that a reasonable attorney would have done under the circumstance and that equitable tolling is warranted. Counsel properly initiated the filing in the CM/ECF; after receiving an initial error message, he believed that he had properly flattened the PDFs and loaded them into the system; he was permitted to move forward and received no further error message or other indication that the filing was incomplete; he paid the filing fee for which he received a receipt; and he was then directed to the docket page for his case. Counsel affirms that he reasonably believed that the filing had been successfully completed. And Counsel immediately corrected the filing when the clerk notified him on September 14, 2026, that the filing was incomplete.

Accordingly, the Court equitably tolls the September 4 filing deadline.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion, ECF No. 4, is GRANTED.

It is so ORDERED and DATED this __20th__ day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge